UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────────

BENZION RABINOWITZ,

                       Petitioner,

   -against-

LEVI KELMAN,

                       Respondent.

No. 21-CV-03167 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

    Petitioner Benzion Rabinowitz ("Petitioner") commenced this proceeding on or about April 12, 2021, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. 1 et seq., seeking, *inter alia*, to confirm and reduce to a judgment an award issued by a three-member arbitration panel as against Respondent Levi Kelman ("Respondent"). (ECF No. 1.) On April 13, 2021, Petitioner moved by notice of motion to confirm the arbitration award. (ECF No. 5.) Respondent opposed the motion and cross-moved to, *inter alia*, dismiss the petition pursuant to Fed. Rul. Civ. Proc. 12(b)(1) ("Rule 12(b)1") for lack of subject matter jurisdiction. (ECF No. 10.) For the following reasons, Petitioner's motion to confirm the arbitration is Denied and Respondent's cross-motion to dismiss is Granted.

## BACKGROUND

    Petitioner alleges that beginning in 2010, he invested a large sum of money with Petitioner involving multiple real estate properties. A dispute arose between the parties, and they entered into a settlement agreement (the Settlement Agreement").[1](ECF No. 1, Exh. C.) The Settlement Agreement, dated February 8, 2018, purportedly signed by the parties, provides that Respondent agrees to pay Petitioner the sum of $5,200,000.00, to be paid in installments, and in exchange

───────────────────────
[1] Petitioner attaches a copy of "Settlement Agreement and Release." Petitioner also attaches to the petition a "Verdict - num. 80154" issued by a three-panel judge rabbinical tribune on January 3, 2021, which purports to be the arbitration award, and an "Agreement to Submit to Arbitration."

1

Petitioner agreed to release and discharge him from any and all claims, including without limitation any claims in connection with or related to any of the properties[2] or otherwise related to this agreement. Sometime after the settlement was executed, Respondent purportedly breached the agreement. Pursuant to the terms of the Settlement Agreement, the parties appeared before a three-panel judge rabbinical tribune (the "Rabbinical Court") for the purpose of arbitrating their dispute. The Rabbinical Court issued a determination in favor of Petitioner which he now seeks to confirm and convert to a judgment. (ECF No. 1, Exh. A.)

## LEGAL STANDARD

### Rule 12(b)1

A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. *See* Fed.R.Civ.P. 12(b)(1). A party asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that jurisdiction to entertain the claim(s) exists. *See Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir.1996). When resolving a Rule 12(b)1 motion, a district court may refer to evidence outside the pleadings. *See Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir.1986)

### The FAA

The FAA was enacted to overcome judicial resistance to arbitration and to declare a national policy in favor arbitration. *Vaden v. Discover Bank*, 556 U.S. 49, 58 (2009). The FAA statutory scheme does not confer federal jurisdiction but rather requires that there be an independent jurisdictional basis over the disputed matter. *See* 9 U.S.C.A. § 9; *Landau v. Eisenberg*, 922 F.3d 495, 497 (2d Cir. 2019) *citing Vaden v. Discover Bank*, 556 U.S. at 59. Typically, a district court's subject matter jurisdiction to confirm an arbitration award is contingent upon an explicit agreement by the parties to judicial confirmation. *See Stone & Webster, Inc. v. Triplefine Int'l Corp.*, 118 F.

---

[2] Paragraph 3 of the Settlement Agreement list approximately 24 properties involved.

2

App'x 546, 548 (2d Cir. 2004) *citing Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d 698, 705 (2d Cir.1985); *Varley v. Tarrytown Associates, Inc.*, 477 F.2d 208, 210 (2d Cir.1973),

Generally, confirmation of an arbitrator's award is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir.2006) *quoting Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir.1984). Courts should exercise extreme caution when considering whether to overturn or disturb an arbitration award. *See Karppinen v. Karl Kiefer Mach. Co.*, 187 F.2d 32, 34 (2d Cir. 1951). A party seeking to confirm an arbitrator's award must move within one year of the decision, and the order confirming the award must be granted unless the award is vacated, modified, or corrected. 9 U.S.C. § 9 (2012). An arbitration award should be confirmed upon a showing that there is a "barely colorable justification for the outcome reached." *Nutrition 21, Inc. v. Wertheim*, 150 F. App'x 108, 109 (2d Cir.2005) *quoting Banco de Seguros del Estado v. Mut. Marine Office, Inc.*, 344 F.3d 255, 260 (2d Cir.2003). A district court may vacate an arbitrator's award upon a showing that: (1) the award was procured by corruption, fraud, or undue means; (2) there was evident partiality or corruption in the arbitrator(s); (3) the arbitrator(s) was guilty of misconduct in refusing to postpone the hearing, refused to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of a party has been prejudiced; or (4) the arbitrator(s) exceeded his scope of authority. 9 U.S.C. § 10(a). A party seeking to avoid summary confirmation of an arbitration award bears a high burden. *See Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir.1997) (*citations omitted*).

## DISCUSSION

The Court will first determine whether it has subject matter jurisdiction for the purpose of confirming the award. The parties agree that to resolve the issue of subject matter jurisdiction the Court must look to the Settlement Agreement and/or the Arbitration Agreement. Petitioner contends

that the agreements expressly provide that "judgment may be rendered thereon in any court having jurisdiction thereof" and that the arbitration award "shall be enforceable in the courts in the State of New Jersey and/or New York." In particular, Petitioner contends that the relevant provision(s) expressly provides for any court in New York , including the federal court. (ECF. No. 23.) Respondent, on the other hand, contends that for the purpose of confirming the arbitrator's award, the parties must proceed before either the New Jersey or the New York State Courts. The Court agrees with Respondent.

Consistent with the policy of the FAA, arbitration agreements, like all contracts, are to be enforced to give full effect to the parties' intent. *Ins. Co. of N. Am. v. ABB Power Generation, Inc.*, 925 F. Supp. 1053, 1058 (S.D.N.Y. 1996) *citing Volt Information Sciences, Inc. v. Board of Trustees of the Leland Stanford Jr. Univ.*, 489 U.S. 468, 476 (1989). An agreement to arbitrate before a specified tribunal is, in effect, a specialized kind of forum-selection clause that determines not only the venue and or forum of suit but also the procedure to be used in resolving the dispute. *See Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 (1974). It is well settled that parties can consent to personal jurisdiction through forum-selection clauses in contractual agreements. *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 103 (2d Cir. 2006) (internal citations omitted). The Second Circuit gives "substantial deference" to forum selection clauses, especially when agreed upon in arm's-length negotiations by experienced and sophisticated businessmen. *New Moon Shipping Co. v. MAN B & W Diesel AG*, 121 F.3d 24, 29 (2d Cir.1997) *quoting M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 12 (1972).

Generally, forum selection clauses are enforceable absent a showing of fraud. *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. at 15. The scope of a forum selection clause is a contractual question that requires the courts to interpret the clause and, where ambiguous, to consider the intent of the parties. *New Moon Shipping Co. v. MAN B & W Diesel AG*, 121 F.3d at

33. The relevant provision in the Settlement Agreement, paragraph 4(a), entitled Dispute Resolution, provides in relevant part:

> "all claims arising out of or related to this Agreement or any breach hereof shall be governed by and construed in accordance with Halacha (Jewish Law) as interpreted by Orthodox Judaism. In the event of any such claims by either of the Parties, each of the Parties agrees to submit exclusively to binding arbitration conducted by Bias Din Maysharim in Lakeland, NJ or its Israeli-affiliated Bais Din in Bnei Brak...without the right to appeal. Any arbitration award of the Bias Din shall be final and binding on each of the Parties ...and judgment may be rendered thereon in any court having jurisdiction thereof. The Parties each hereby submit to the jurisdiction of the New Jersey State Courts located in Ocean County or the courts of Israel... for enforcement of any arbitration award."[3]

Lastly, the Settlement Agreement provides that "this agreement constitutes the entire agreement ...and may not be waived or modified except in writing signed by the Parties."

On or about June 15, 2020, the parties executed a document, Agreement to Submit to Arbitration ("Arbitration Agreement"), wherein the parties agreed to submit their dispute to "binding arbitration" to be "heard and determined by a panel of three arbitrators (Arbitrators) of Mayshaim Court (Court)." The parties "further agree to faithfully abide by and perform any...final award or decision rendered by the Arbitrators" which shall be enforceable in the courts in the state of New Jersey and or New York. The Arbitration Agreement further provides that the "[p]arties submit themselves to the personal jurisdiction of the courts of the State of New Jersey and/or New York for any action or proceeding to confirm or enforce a decree of the Arbitrators pursuant to NJSA 2A:24-1[4] et. seq and Article 75 of the New York State Civil Practice Law and Rules."[5]

It is the Court's determination that the Arbitration Agreement is the controlling document. A plain reading of the Arbitration Agreement clearly expresses the parties intent that in th event either

---

[3] Petitioner has provided what purports to be a translated copy of the original Settlement Agreement. In paragraph 4 of the translated Settlement Agreement, "The Parties each submit to the jurisdiction of the New Jersey State Courts located in Ocean County or the courts of Israel." Nowhere in the Settlement Agreement is there a reference to the New York State Courts.
[4] NJSA 2A:24-1 et. seq codifies New Jersey's state's procedure to enforce an arbitration agreement and/or confirm an arbitration award.
[5] Article 75 of the New York State Civil Practice Law and Rules codifies the state's procedure for confirming and arbitration award.

party sought to enforce an arbitration award arising out of any dispute related to the Settlement Agreement, as modified by Arbitration Agreement, each party agreed to submit to the jurisdiction of the New Jersey State Courts...or the courts of New York. Though Petitioner contends that the controlling document(s) should be broadly interpreted to permit for any enforcement action to be commenced in any New York court, including the federal courts therein, such interpretation is impermissible.

The primary objective in contract interpretation is to give effect to the intent of the parties "as revealed by the language they chose to use." *Sayers v. Rochester Tel. Corp. Supplemental Mgmt. Pension Plan*, 7 F.3d 1091, 1094 (2d Cir. 1993) (*internal citations omitted*). The entire contract must be considered in its entirety in order to avoid any inconsistency. *See InspiRx, Inc. v. Lupin Atlantis Holdings SA*, 554 F. Supp. 3d 542, 554 (S.D.N.Y. 2021). Clauses and sentences should not be viewed in isolation. *Int'l Klafter Co. v. Cont'l Cas. Co.*, 869 F.2d 96, 99 (2d Cir. 1989).) Words and phrases are to be given their plain meaning such that the contract should be construed as to give full meaning and effect to all of its provisions. *See In re MPM Silicones, L.L.C.*, 596 B.R. 416, 428 (S.D.N.Y. 2019).

Applying these basic principles, Petitioner's interpretation of the Arbitration Agreement would render other portions of the document superfluous. For instance, the agreement makes specific references to the procedure to be utilized in New Jersey or New York should either party seek to enforce the agreement or confirm an award. Significantly, nowhere in the Arbitration Agreement is there a reference to the federal courts. While there is a reference in the Settlement Agreement to the New Jersey State Courts and the courts of Israel, the Court is unable to find any reference whatsoever to the federal courts in the document which would support Petitioner's contention. Such an interpretation would be misguided.

## CONCLUSION

For the foregoing reasons, Petitioner's motion to confirm the arbitration award is Denied and Defendant's motion to dismiss the petition for lack of subject matter jurisdiction is Granted without prejudice to Petitioner's right to recommence in the appropriate forum.

The Clerk of the Court is respectfully directed to terminate the motions at ECF Nos. 5 and 10, and to terminate the proceeding.

Dated: July 13, 2022
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge