UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04/19/2024

BENZION RABINOWITZ,

                              Petitioner,

     -against-

LEVI KELMAN,

                              Respondent.

No. 21-CV-03167 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

Petitioner Benzion Rabinowitz ("Petitioner") commenced this proceeding on or about April 12, 2021, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. 1 *et seq.*, seeking, *inter alia*, to confirm and reduce to a judgment an award issued by a three-member arbitration panel as against Respondent Levi Kelman ("Respondent"). (ECF No. 1.) On January 5, 2024, Petitioner filed his second motion to confirm the arbitration award.[1] (ECF No. 42.) Respondent opposed the motion and cross-moved to transfer venue to the United States District Court, District of New Jersey. (ECF No. 49.) For the following reasons, Petitioner's motion to confirm the arbitration award is granted and Respondent's cross-motion to transfer venue is denied.

## BACKGROUND

### I.    Factual Background

Petitioner alleges that beginning in 2010, he invested a large sum of money with Petitioner involving multiple real estate properties. A dispute arose between the parties, and they entered into

---

[1] As discussed further below, the Court dismissed Petitioner's initial motion to confirm arbitration award for lack of subject matter jurisdiction. On appeal, the Second Circuit vacated the Court's judgment and remanded for further proceedings. (*See* ECF No. 35.)

1

a settlement agreement (the "Settlement Agreement"). (ECF No. 1, Ex. C.) The Settlement Agreement, dated February 8, 2018, purportedly signed by the parties, provides that Respondent agrees to pay Petitioner the sum of $5,200,000.00, to be paid in installments, and in exchange Petitioner agreed to release and discharge him from any and all claims, including without limitation any claims in connection with or related to any of the properties or otherwise related to this agreement. Sometime after the settlement was executed, Respondent purportedly breached the agreement.

Pursuant to the terms of the Settlement Agreement, the parties appeared before a three-panel judge rabbinical tribune (the "Rabbinical Court") for the purpose of arbitrating their dispute. On January 3, 2021, the Rabbinical Court issued a determination in favor of Petitioner, awarding him $4,000,000 as well as attorney's fees (the "Award"). (ECF No. 1, Ex. A.) On April 27, 2023, the Rabbinical Court issued a supplemental award specifying the amount of attorney's fees due to Petitioner. (ECF No. 33, Ex. 4.)

## II.    Procedural Background

On April 13, 2021, Petitioner moved by notice of motion to confirm the arbitration award. (ECF No. 5.) Respondent opposed the motion and cross-moved to, *inter alia*, dismiss the petition pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)1") for lack of subject matter jurisdiction. (ECF No. 10.)

On May 2, 2021, Respondent sought to vacate the Award in the Superior Court of New Jersey, Ocean County. On May 24, 2021, Petitioner removed the New Jersey State action to the United States District Court, District of New Jersey (the "New Jersey District Court"). On

November 23, 2021, the New Jersey District Court stayed the action pending a determination of the issues in this Court. As of the date of this Opinion, the action remains stayed.

On July 14, 2022, this Court dismissed Rabinowitz's petition to confirm the Award for lack of subject matter jurisdiction. (ECF No. 29.) On August 11, 2022, Petitioner filed a notice of appeal with the United States Court of Appeals for the Second Circuit ("Second Circuit"). (ECF No. 32.) On August 14, 2023, the Second Circuit vacated this Court's dismissal of the action. (ECF No. 35.) The Second Circuit found that (1) the Petitioner adequately pleaded diversity citizenship pursuant to 28 U.S.C. § 1332(a)(2) and (2) the permissive forum selection clauses in the Settlement Agreement and the Arbitration Agreement (together, the "Agreements") permitted the action to proceed in this Court. *Rabinowitz v. Kelman*, 75 F.4th 73, 85 (2d Cir. 2023).

Petitioner now again seeks to confirm and convert the Award into a judgment. Petitioner's Amended Petition includes a request that the confirmation of the award includes attorney's fees in light of the Rabbinical Court's supplemental award. (ECF No. 33.)

## LEGAL STANDARD

### I. The Federal Arbitration Act

The Federal Arbitration Act ("FAA") was enacted to overcome judicial resistance to arbitration and to declare a national policy in favor arbitration. *Vaden v. Discover Bank*, 556 U.S. 49, 58 (2009). Generally, confirmation of an arbitrator's award is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir.2006) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir.1984)). Courts should exercise extreme caution when considering whether to overturn or disturb an arbitration award. *See Karppinen v. Karl Kiefer Mach. Co.*, 187 F.2d 32, 34

3

(2d Cir. 1951).  A party seeking to confirm an arbitrator's award must move within one year of the

decision, and the order confirming the award must be granted unless the award is vacated,

modified, or corrected. 9 U.S.C. § 9 (2012). An arbitration award should be confirmed upon a

showing that there is a "barely colorable justification for the outcome reached." *Nutrition 21, Inc.*

*v. Wertheim*, 150 F. App'x 108, 109 (2d Cir.2005) (quoting *Banco de Seguros del Estado v. Mut.*

*Marine Office, Inc.,* 344 F.3d 255, 260 (2d Cir.2003)). A district court may vacate an arbitrator's

award upon a showing that: (1) the award was procured by corruption, fraud, or undue means; (2)

there was evident partiality or corruption in the arbitrator(s); (3) the arbitrator(s) was guilty of

misconduct in refusing to postpone the hearing, refused to hear evidence pertinent and material to

the controversy, or of any other misbehavior by which the rights of a party has been prejudiced;

or (4) the arbitrator(s) exceeded his scope of authority. 9 U.S.C. § 10(a). A party seeking to avoid

summary confirmation of an arbitration award bears a high burden*. See Willemijn*

*Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir.1997)

(citations omitted).

## DISCUSSION

### I.    Motion to Transfer Venue

Respondent seeks to transfer venue to the New Jersey District Court pursuant to 28 U.S.C.

§ 1404(a). (*See* ECF No. 49, "Resp. Mot.") In support of his argument, Respondent points to the

following facts: (1) all but one of the twenty-four subject properties at issue in the underlying

dispute are located in New Jersey; (2) the arbitration was conducted by the Rabbinical Court in

Lakewood, New Jersey;  that all relevant documents, witnesses, and locus of operative facts is in

New Jersey; (3) the New Jersey District Court has familiarity with the applicable law and has the

same issues and parties pending before it; and (4) the parties negotiated and contracted for jurisdiction to be in the state of New Jersey or the Court of Israel. (ECF No. 50, "Resp. Mem." at 10.) Finally, while he acknowledges that the Agreement provides for venue in either New Jersey or New York, Respondent argues the Agreement constitutes a "contract of adhesion" the parties were required to sign prior to arbitration. (*Id.*) Petitioner opposes Respondent's motion. (*See* ECF No. 55, "Pet. Opp.")

A district court may exercise its discretion to transfer venue "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "Among the factors to be considered in determining whether to grant a motion to transfer venue are, *inter alia*: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." *New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 111 (2d Cir. 2010) (internal quotation marks omitted). The party requesting transfer bears the burden of demonstrating by clear and convincing evidence that transfer is appropriate. *Winter v. Am. Inst. of Med. Scis. & Educ.*, 242 F. Supp. 3d 206, 216 (S.D.N.Y. 2017) (citing *New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010)).

Considering these factors, the Court finds Respondent has failed to satisfy its burden. Generally, "[a] plaintiff's choice of forum is entitled to significant consideration and will not be disturbed unless other factors weigh strongly in favor of transfer." *Flood v. Carlson Restaurants Inc.*, 94 F. Supp. 3d 572, 576 (S.D.N.Y. 2015). "While some courts have accorded less deference to a plaintiff's choice of forum where the case lacks significant contacts with the forum state, less

5

deference does not equal transfer." *Winter*, 242 F.Supp.3d at 217. Here, Respondent is resident of New York, therefore it is clear that New York has some nexus to the action. (ECF No. 48, "Resp. Decl." ¶ 4.) Otherwise, Respondent introduces no evidence that Petitioner selected New York pursuant to forum shopping, to gain some improper advantage, or for any other improper or fraudulent purpose. Petitioner's motion to enforce the arbitration award in the forum where Respondent and his assets are located is a legitimate reason for his choice of New York. Accordingly, this factor weighs strongly in favor of denying transfer. *Winter*, 242 F.Supp.3d at 217 ("Because there is no indication that Plaintiff chose New York for illegitimate forum-shopping reasons and Defendant has failed to show transfer is warranted by 'clear and convincing evidence,' the Court will not disturb Plaintiff's choice.").

Moreover, the other factors cited by Respondent are insufficient to overcome this deference. Plaintiff summarily states that the relevant witnesses and all relevant documents are located in New Jersey, without identifying any such witnesses or documents. *See Flood*, 94 F.Supp.3d at 578 ("[U]nless the defendant makes a detailed showing as to the burden it would incur absent a transfer, its assertion that documents are located in the transferee forum is entitled to little weight.") (citation and internal quotation marks omitted); *Winter*, 242 F.Supp.3d at 215 (On a motion to transfer venue, "the moving party must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover.") (cleaned up). Furthermore, that the arbitration was conducted in New Jersey and the subject properties at issue are located in New Jersey are also insufficient to overcome the deference given to Plaintiff's choice of forum. *See Del Toro v. Novus Equities*, LLC, No. 20-CV-1002 (NSR), 2021 WL 5567618, at *6 (S.D.N.Y. Nov. 29, 2021) (moving party failed to satisfy burden of overcoming deference given

to plaintiff's choice of forum where alleged the operative facts and convenience of witnesses supported transfer).

Furthermore, this Court has significantly more familiarity with the applicable facts. As Petitioner notes, Petitioner filed his action with this Court first and Respondent subsequently filed his action with the New Jersey state court, before Petitioner removed to the New Jersey District Court. The action in the New Jersey District Court has remained stayed since November 3, 2021. While the parties contest the applicable law, the action at least implicates federal law, which both this Court and the New Jersey District Court have equal familiarity with and capability of applying. *Scalabrini v. PMAB, LLC,* No. 18-CV-11152 (NSR), 2020 WL 1049167, at *10 (S.D.N.Y. Mar. 3, 2020).

Finally, Respondent's argument that he had no say in the drafting of the Agreement is unavailing. *See Orix Credit All., Inc. v. Mid-S. Materials Corp.*, 816 F. Supp. 230, 232-33 (S.D.N.Y. 1993) (rejecting defendants' arguments that the forum selection clauses are invalid because they "neither read nor negotiated" the operative agreements).[2] While Respondent asserts that the Agreement is a "contract of adhesion," he fails to identify the applicable law or put forth any argument in support of this claim. Accordingly, the Court need not consider this argument. *See City. See Alberti v. Cnty. of Nassau*, 393 F. Supp. 2d 151, 167 n. 4 (E.D.N.Y. 2005) (refusing to consider issue as insufficiently briefed).

Beyond conclusory statements, Respondent fails to show how he would be inconvenienced or prejudiced by the Court permitting this case to proceed before it. As Petitioner argues, granting

---

[2] The Court also notes that Respondent's reliance on *Orix* is misplaced. *Orix* addresses plaintiffs who sought transfer to a venue that was *not* an appropriate forum under the forum selection clause. The district court found that the permissive forum selection clause merely did not preclude the court from granting the motion to transfer from New York to Mississippi. Ultimately, the court denied the motion to transfer venue to Mississippi.

Respondent's motion to transfer will not result in any increased convenience or efficiency because there is a single, narrow issue before the Court: "whether any of the narrow and exclusive bases under the FAA to vacate an award can be shown by the Respondent." (Pet. Opp. at 1.) The Court now turns to this question.

## II.     Motion to Confirm Arbitration

Petitioner's amended motion to confirm the Award seeks an Order: (1) confirming and reducing to a judgment the award issued by the Rabbinical Court on January 3, 2021; (2) confirming and reducing to a judgment the award issued by the Rabbinical Court on April 27, 2023; and (3) awarding attorney's fees and costs. (ECF No. 42, "Pl. Mot." at 1.) In seeking to vacate the Award, Respondent raises the following issues: (1) whether federal or state arbitral law governs; (2) whether the Award was final; and (3) whether the Rabbinical Court exceeded its authority. (*See* ECF No. 46, "Resp. Opp.")

### a.  Applicable Legal Standard

Petitioner argues the FAA applies because the dispute concerns interstate and international commerce and the Agreements are otherwise silent as to choice of law. (ECF No. 45, "Pet. Mem." at 3-4.) In contrast, Respondent argues New York or New Jersey arbitration law applies because the Agreements expressly provide for applications of the New Jersey Arbitration Act and Article 75 of the New York Civil Practice Rules. (Resp. Opp. at 10.) Given the parties' explicit intent to apply state arbitration procedural law, Respondent argues, the FAA cannot preempt the state rules. *Id.* If the FAA applies, Respondent's challenge to enforcing the Award is untimely. If New York or New Jersey arbitration law applies, Respondent's challenge is timely.

8

Here, the Agreements do not include a choice of law clause for claims brought in federal court. While the Agreements include forum selection clauses, the plain language of both Agreements fail to indicate which law would govern if a party sought to enforce the award in federal court. The Court's understanding is confirmed by the Second Circuit's interpretation of the Arbitration Agreement's forum selection clause. As the Second Circuit understood, the Arbitration Agreement's references to New York and New Jersey law "simply confirm that, if a party brings an action pursuant to certain provisions of New Jersey or New York law, he may do so in the state courts of New Jersey or New York." *Rabinowitz*, 75 F.4th at 84. Here, Petitioner seeks to confirm the award in federal court pursuant to the FAA. (Pet. Mem. at 1.) As the Second Circuit further explained, the Agreements "do not specify the law to be applied in any other fora." *Id.* Notably, Respondent does not address the Second Circuit's interpretation of the Arbitration Agreement in his Opposition.

Given that the Agreements are silent as to the governing arbitral law, this Court will apply the FAA. *LGC Holdings, Inc. v. Julius Klein Diamonds, LLC*, 238 F. Supp. 3d 452, 466 (S.D.N.Y. 2017) (applying the FAA where the parties did not contractually agree to apply New York state vacatur law to their arbitration). As Petitioner proves, the dispute is clearly governed by the FAA as it involves a dispute between a U.S. citizen who is a resident of New York and non-U.S. citizen who is a resident in Israel regarding properties located in New Jersey. (Pet. Mem. at 3.); *see Allied-Bruce Terminix Companies v. Dobson*, 513 U.S. 265, 273-74 (1995) (FAA's application to transactions "involving commerce" is broad and the "functional equivalent of 'affecting'" commerce). Moreover, beyond his arguments that there is a controlling choice of law provision, Respondent does not otherwise challenge the applicability of the FAA. Accordingly, because the

FAA is the governing law, the FAA's three-month time limit applies to Respondent's motion to vacate the award. 9 U.S.C.A. § 12.

    *b.  The Finality of the Award*

    The only remaining question is when Respondent's time to move for vacatur or otherwise challenge Petitioner's motion to confirm the Award expired. Petitioner argues that the parties received the Rabbinical Court's award on January 10, 2021, more than three months before Respondent filed his action in New Jersey state court on May 3, 2021. (Pet. Mem. at 4.) However, Respondent claims that the Rabbinical Court never issued a final award until April 27, 2023, when it adjudicated the issue of attorney's fees. In support, Respondent points to the Rabbinical Court's (1) determination that the "agreement between the parties is still in force" and (2) retention of jurisdiction "to adjudicate any matter that arises related to this litigation." (Resp. Opp. at 22.) According to Respondent, neither party had released their underlying claims pursuant to the terms of the Settlement Agreement when the Rabbinical Court rendered its award. The Court sides with Petitioner.

    An arbitration award need not "resolve *every* outstanding issue that might arise in later litigation between the parties." *Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.*, 157 F.3d 174, 177 (2d Cir. 1998) (emphasis in original). Rather, for an arbitration award to be final, it "must resolve all the issues submitted to arbitration, and that it must resolve them definitively enough so that the rights and obligations of the two parties, *with respect to the issues submitted*, do not stand in need of further adjudication." *Id.* at 176 (emphasis in original).

    The verdict issued by the Rabbinical Court provided that: (1) the Settlement Agreement between the parties is still in force, so that Respondent had to immediately pay Petitioner the sum

10

of $4,000,000; (2) pursuant to the Settlement Agreement, Respondent had to pay Petitioner reasonable attorney's fees, which the Rabbinical Court would determine upon Petitioner submitting a record of his hours worked; and (3) the Rabbinical retained jurisdiction to adjudicate any matter that arises related to the litigation. (ECF No. 1, Ex. 1.) As Respondent stated, the parties submitted for arbitration "their contentions to be considered with respect to the interpretation and effect to be given to the Settlement Agreement." (Resp. Decl. ¶ 6.) It is clear from the verdict that the Rabbinical Court determined the effect (that it was still in force) and the interpretation (Respondent owed Petitioner a sum of money and attorney's fees) of the Settlement Agreement.

Courts may properly confirm an award that "finally and conclusively disposed of a separate and independent claim and was subject to neither abatement nor set-off." *Metallgesellschaft A.G. v. M/V Capitan Constante*, 790 F.2d 280, 283 (2d Cir. 1986). "[A]n award which finally and definitely disposes of a separate and independent claim may be confirmed although it does not dispose of all the claims that were submitted to arbitration." *Id.* In its initial petition, Petitioner sought to confirm the $4,000,000 award in the January 10, 2021 verdict, which determined the parties' liabilities pursuant to the Settlement Agreement. (ECF No. 1 ¶ 21.) This award was final when issued by the Rabbinical Court, and Respondent failed to timely challenge it. *See In re Arb. Between Nw. Nat. Ins. Co. & Generali Mexico Compania de Seguros, S.A.*, No. 00 CIV. 1135 (NRB), 2000 WL 520638, at *7, n.8 (S.D.N.Y. May 1, 2000) (deeming substantive award of liability final although the panel still had to determine the "propriety and proper measure of" petitioner's claims for attorney's fees);  *see also Matter of Arb. Between Advest, Inc. & Asseoff*, No. 92 CIV. 2269 (KMW), 1993 WL 119690, at *6 (S.D.N.Y. Apr. 14, 1993) (rejecting respondents' argument that the award is not final and definite because the arbitrators did not decide

11

the issue of attorneys' fees). Respondent failed to challenge, and still does not challenge in its Opposition, the April 27, 2023 award specifying attorney's fees. Accordingly, Respondent's motion to vacate the arbitration award is properly denied as untimely.

Based on the verdict and both parties' representations, the Rabbinical Court decided all substantive issues submitted to it, and the only remaining determination was to fix the amount of attorney's fees and costs. Otherwise, Respondent has not shown that there were any other outstanding issues sufficient for this Court to hold that the Award was not final as of January 10, 2021. That the Rabbinical Court retained jurisdiction for any potential issues that might arise between the parties, but had not been submitted to him, is also insufficient. Otherwise, the arbitration award would need to "resolve every outstanding issue that might arise in later litigation" before it is deemed final, which the Second Circuit has expressly rejected. Accordingly, the Court grants Petitioner's motion and confirms the arbitration award.

### c.  Authority of the Arbitrator

Even if the Court found Respondent's attempt to vacate the arbitration award was timely, his claim would still fail. Respondent argues that the Court should vacate the award because the Rabbinical Court exceed its authority when it consulted with outside experts and took their opinions into consideration in rendering the award. (Resp. Mem. at 18.) Specifically, Respondents argue that "there is nothing in the Arbitration Agreement that authorized the [Rabbinical Court] to consult ex parte with any experts or seek ex parte expert reports and rely upon them in rendering their decision." (*Id.* at 19.) The plain language of the agreement belies this assertion.

A party seeking to avoid summary confirmation of an arbitration award bears a high burden. *See Willemijn*, 103 F.3d at 12 (citation omitted). A district court may vacate an arbitrator's

award upon a showing that the arbitrators exceeded their scope of authority. 9 U.S.C § 10(a). The Second Circuit has "consistently accorded the narrowest of readings to the FAA's authorization to vacate awards pursuant to § 10(a)(4)." *Banco*, 344 F.3d at 262 (citation omitted). The inquiry therefore "focuses on whether the arbitrators had the power based on the parties' submissions or the arbitration agreement, to reach a certain issue, not whether the arbitrators correctly decided that issue." *Id.* (citation omitted).

The Arbitration Agreement expressly provides that "the Arbitrators may follow any procedure as they decide." (ECF No. 1, Ex. 1.) The Agreement further provides that: "It is agreed that all the Court's fees, costs and expenses, *including without limitation the costs of any experts required in reaching a decision*, shall be divided evenly amongst the Parties." (*Id.*) Thus, the Rabbinical Court's consultation with experts was clearly considered within the scope of their authority in the Arbitration Agreement. Respondent does not address this language in the Arbitration Agreement, and instead points to the following language in support of his argument: "The Parties agree that the Arbitrators shall have the right to hear testimony and evidence without the presence of a Party if the Party does not attend a scheduled hearing." (ECF No. 1, Ex. 1.) Perplexingly, Respondent understands this provision to afford the parties a right to be notified and present during testimony. The provision plainly states the exact opposite.[3]  Moreover, the Court disagrees with Respondent's characterization of the Rabbinical Court "consulting with experts and considering their words" as "unilaterally delegating their function to an undisclosed third-party attorney and other unknown 'experts.'" (Resp. Mem. at 20.) While Respondent states that this

---

[3] The Court is also persuaded by the exhibits attached to Plaintiff's initial motion to confirm the arbitration award. (ECF No. 24, Ex. 1.) In those email exhibits, the Rabbinical Court informs Respondent of the need to retain an attorney for review of the parties' legal arguments, and Respondent paid to cover his share of the costs. (*Id.*)

"unauthorized independent investigation is contrary to applicable law," he cites to no case law supporting that proposition.[4]

Respondent has failed to satisfy the high burden of establishing the Rabbinical Court exceeded its authority under the Arbitration Agreement. Thus, even if Respondent timely filed a motion to vacate, Petitioner's motion to confirm the arbitration award is properly granted.

## CONCLUSION

For the foregoing reasons, Petitioner's motion to confirm the arbitration award is granted and Respondent's motion to transfer venue is denied.

The Clerk of the Court is directed to enter judgment in favor of Petitioner for the sum of $4,000,000 plus $94,649.58 in attorney's fees, for a total of $4,094,649.58. The Clerk of the Court is further respectfully directed to terminate the motions at ECF Nos. 42 and 49 and to terminate the action.

Dated:   April 19, 2022                                    SO ORDERED:
         White Plains, New York

                                    _____
                                           NELSON S. ROMÁN
                                      United States District Judge

---

[4] The case law cited by Respondent neither stand for his proposition nor apply federal arbitration law. *Bldg. Serv. Emps. Int'l Union, Loc. 32B, A.F. of L., v. Filene Holding Corp.*, 43 N.Y.S.2d 309, 309-10 (Sup. Ct. 1943) (granting motion to confirm award where arbitrator designated another individual as a "referee" because objections were not raised and respondent fully participated); *Loc. No. 153, Off. & Pro. Emps. Int'l Union, AFL-CIO v. Tr. Co. of New Jersey*, 105 N.J. 442, 522 A.2d 992 (1987) (finding the arbitrator acted within the scope of his authority); *Kearny PBA Loc. No. 21 v. Town of Kearny*, 81 N.J. 208, 405 A.2d 393 (1979) (affirming arbitration award); *High Voltage Eng'g Corp. v. Pride Solvents & Chem. Co. of New Jersey*, 326 N.J. Super. 356, 741 A.2d 170, 362 (App. Div. 1999) (applying N.J. arbitration law).

14